CIRO HERNANDEZ, ESQ SB#174791
551 Third Avenue
Chula Vista, CA 91910
Telephone:   (619) 266-0389
Fax:             (619) 501-2493

Attorney for Material Witnesses

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> MARICELA GONZALEZ-TREJO (1) ) <br> MIGUEL ROMERO-RIOS (2) ) <br> ) <br> ) <br> Defendants ) <br> ) <br> ) <br> _____ ) | Criminal Case No.08cr0545LAB <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF, MOTION FOR VIDEOTAPE DEPOSITIONS AND RELEASE OF MATERIAL WITNESSES <br><br> Hearing Date:  April 15, 2008 <br> Time:                 1:30 p.m. <br> Court:                A. <br> Judge:    Hon. Anthony J. Battaglia |

    Material Witnesses, Luis Alberto Ochoa-Castillo, and G.C.-G. (minor) respectfully submit the following Memorandum of Points and Authorities in Support of their Motion for Videotape Depositions and Release of Material Witnesses.

**STATEMENT OF FACTS**

    Luis Alberto Ochoa-Castillo and G.C.- G (minor) were taken into custody on February 13, 2008.  They were passengers in a vehicle driven by the defendant, which contained four undocumented aliens. On February 27, 2008, the defendants each were indicted on three counts of violation of Title 8, United States Code, Section 1324 (a) (2) (B) (ii), and three counts of

No.08cr0545LAB

1   violation of Title 8, United States Code, Section 1324 (a) (1) (A) (ii).

2       As of the date of this motion, the material witnesses have no prospects of obtaining a
3   surety.  Two potential sureties were contacted on behalf of material witness LUIS ALBERTO
4   OCHOA-CASTILLO. The potential sureties failed to follow through with the bond application.

5       He has no other friends or relatives who could qualify as a surety on his behalf.  In
6   Mexico, Mr. Ramos-Salazar supports a wife as a salesman.  The material witness was coming to
7   the United States to find work, in order to provide that support.  Requiring the material witness to
8   remain in custody during the pendency of the case constitutes a severe economic and emotional
9   hardship for him, and even more severely, for his family who is receiving less support during the
10  time he is incarcerated.

11      Relatives of the material witness G.C.G (minor), were contacted but they did not meet the
12  requirements for a surety, The material witness has no other relatives or friends who could
13  qualify as a surety on his behalf. In Mexico, the material witness worked and supported himself.
14  He was coming  to the United States to find work. Requiring the material witness to remain in
15  custody during the pendency of the case constitutes a severe economic and emotional hardship
16  for him.

17  **POINTS AND AUTHORITIES**

18  **DEPOSITION IS APPROPRIATE IN THESE CIRCUMSTANCES**

19      In <u>Torres-Ruiz v. United States, 120 F.3d. 933,</u> (9th cir. 1997), the Ninth Circuit <u>mandated</u>
20  the use of videotape depositions when the material witness testimony can be adequately secured
21  by deposition and further detention is not necessary to prevent the failure of justice.  (emphasis
22  added; see 18 U.S.C. § 3144) In <u>Torres-Ruiz</u>, the witnesses were the sole support of their
23  families in Mexico, and their continued incarceration constituted a hardship on thier families in
24  Mexico.  The <u>Torres-Ruiz</u> Court clarified that denial of a motion to videotape the witness'
25  testimony is limited to situations in which a "failure of justice" would occur because the
26  deposition would not serve as an adequate substitute for the witness' live testimony.

27

28                          No.08cr0545LAB

1  As of the date of this hearing, the MATERIAL WITNESSES have been in custody over
2 two months, and continued incarceration constitutes an economic hardship for them and their
3 family.  It is not necessary to continue to detain them because no failure to justice would occur by
4 videotaping their testimony.  Their testimony can be adequately secured by granting this Motion,
5 and there has been no showing that the deposition testimony would be different from the live
6 testimony, and they are subject to the subpoena power of this Court.  Therefore, it is requested
7 the Court grant this Motion and order the videotape deposition of the MATERIAL WITNESSES
8 forthwith, to occur within 10 days of granting this Motion.  The Material WITNESSES also
9 request the Court order their  immediate release upon conclusion of this deposition.

11 DATED:   March 25, 2008                    /S/ Ciro Hernandez
                                              CIRO HERNANDEZ
12                                             Attorney for Material Witnesses

28                            No.08cr0545LAB